IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DAVID BOURGEOIS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-07-0191 |
| | § | |
| NORMA MASON, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

State inmate David Bourgeois, proceeding *pro se* and seeking leave to proceed *in forma pauperis*, filed this complaint under 42 U.S.C. § 1983 alleging violations of his civil rights. The threshold question is whether plaintiff's claims should be dismissed as frivolous and for failure to state a claim. The Court concludes that plaintiff's allegations are frivolous and fail to state a claim, and that this lawsuit should be dismissed for the reasons that follow.

Plaintiff claims that defendant Norma Mason, nursing director at plaintiff's prison unit, allowed a unit nurse under her supervision to "come around in the morning about 2:00 a.m. and 3:30 a.m. to bother me" in an "unlawful" and "disrespectful" way "by threatening me and cussing at me." (Docket Entry No. 1, p. 4.) Plaintiff's grievances for the incidents were returned unprocessed due to his excessive grievance filings. He seeks monetary relief and termination of Mason's prison employment.

When a party proceeds *in forma pauperis*, the district court may scrutinize the basis of the complaint and, if appropriate, dismiss the case without service of process if the lawsuit is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 42 U.S.C. § 1997(e)(c); 28 U.S.C. § 1915(e)(2)(B). An action is frivolous if it lacks any arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998). A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges violation of a legal interest which clearly does not exist. *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999).

Plaintiff's claims against Mason are frivolous and lack an arguable basis in law or in fact. To the extent he seeks compensation for injuries alleged to have resulted from an Eighth Amendment violation, his claim is barred by the physical injury requirement of 28 U.S.C. § 1997e(e). Under that section, no federal civil action may be brought by an inmate for mental or emotional injury suffered while in custody without a prior showing of physical injury. No physical injury is alleged or shown in the instant case, and no constitutional violation is raised. *See Geiger v. Jowers*, 404 F.3d 371, 374 (5th Cir. 2005). Further, it is well established in this circuit that insults or threats in the prison context, without more, do not amount to a constitutional violation and are not actionable under 42 U.S.C. § 1983. *See Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997); *see also Calhoun v. Hargrove*, 312

F.3d 730, 733 (5th Cir. 2002). Plaintiff's complaints of threatening or harassing language do not support a claim for violation of his constitutional rights. Nor does this Court have any authority to order Mason's employment terminated in the instant case.

To the extent plaintiff claims that Mason as a supervisor failed to remedy the actions of her subordinate, no constitutional claim is presented. *See Monell v. Department of Social Services*, 436 U.S. 658 (1978). Nor does plaintiff enjoy a constitutional right to a satisfactory resolution of his grievances and complaints. *See Geiger*, 404 F.3d at 373. Because plaintiff has no liberty interest in a satisfactory resolution of his grievances, any alleged failure by prison officials to address and remedy his grievances and complaints does not constitute the violation of a constitutional right.

For the reasons set forth above and pursuant to 28 U.S.C. §§ 1915A and 1915(e)(2), this lawsuit is **DISMISSED WITH PREJUDICE**. Any and all pending motions are **DENIED AS MOOT**.

The Clerk will provide copies of this order to the parties.

Signed at Houston, Texas, on this the 22rd day of January, 2007.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE